COMMONWEALTH OF MASSACHUSETTS

DISTRICT COURT
CIVIL ACTION
NO.:

|  |  |
|---|---|
| Lakevia Mayes<br>23 Hilton Terrace,<br>Roxbury, MA 02119<br>　　　　Plaintiff<br>　vs.<br><br>Fedex Ground Package System Inc.<br>d/b/a Fedex Ground<br>1000 Fedex Drive<br>Moon Township,. PA 15108<br>　　　　And<br>Fedex Corporation<br>942 S Shady Grove Rd.<br>Memphis, TN 38120<br>　　　　Defendant | COMPLAINT<br><br>And<br><br>JURY TRIAL DEMANDED |

# COMPLAINT
## PARTIES

1. Plaintiff, Lakevia Mayes, is a resident of the Commonwealth of Massachusetts, residing at the address listed in the caption of this Complaint.

2. Plaintiff, Fedex Ground Package System Inc. d/b/a Fedex Ground, is a business entity permitted to do business in the Commonwealth of Massachusetts with a business address listed in the caption of this Complaint.

3. Plaintiff, Fedex Corporation, is a business entity permitted to do business in the Commonwealth of Massachusetts with a business address listed in the caption of this Complaint.

## FACTS

4. On or about December 15, 2020, at or about 1:45PM Plaintiff, Lakevia Mayes, was the operator of a motor vehicle, traveling on Forest Hills Street and Peter Parley Road in Boston, MA 02130.

5. At or about the same date and time, Defendants, Fedex Ground Package System Inc. d/b/a Fedex Ground and Fedex Corporation were the owners of the motor vehicle, which was traveling at or near the aforesaid intersection and/or location of Plaintiff's vehicle.

6. At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision with Plaintiffs' vehicle.

7. At all times relevant hereto, upon information and belief, the driver of the Defendants vehicle was operating the aforementioned defendants, Fedex Ground Package System Inc. d/b/a Fedex Ground and Fedex Corporation's motor vehicle as defendant's agent, servant and/or employee acting in the scope of their agency.

8. The aforesaid motor vehicle collision was caused by the Defendants negligently and/or carelessly, operating the vehicle in such a manner so as to strike Plaintiffs' vehicle.

9. As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of the Defendants, Plaintiffs have sustained serious permanent personal injuries and damages.

10. As a result of the incident, Plaintiffs suffered severe and permanent injuries as set forth more fully below.

## COUNT I – NEGLIGENT ENTRUSTMENT
**Lakevia Mayes v. Fedex Ground Package System Inc. d/b/a Fedex Ground**

11. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if set forth fully at length herein.

12. The negligence and/or carelessness of Defendant, Fedex Ground Package System Inc. d/b/a Fedex Ground, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiffs, consists of, but is not limited to, the following:

   a. Permitting the driver to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

   b. Permitting the driver to operate the motor vehicle when Defendant, Fedex Ground Package System Inc. d/b/a Fedex Ground, knew, or in the exercise of due care and diligence, should have known that the driver was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiffs, that Defendant, Fedex Ground Package System Inc. d/b/a Fedex Ground, knew, or in the existence of due care and

diligence should have known, that the Plaintiffs would be exposed to the driver's negligent operation of the motor vehicle.

13. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiffs suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries, including numbness in fingers, injuries in both shoulders and neck, all to Plaintiffs' great loss and detriment.

14. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiffs have in the past, are presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15. As an additional result of the carelessness and/or negligence of Defendant, Plaintiffs have suffered emotional injuries, along with the physical injuries suffered.

16. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiffs suffered damage to Plaintiffs' personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiffs' great loss and detriment.

17. As a further result of Plaintiffs' injuries, Plaintiffs have in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiffs' further loss and detriment.

WHEREFORE, Plaintiff, Lakevia Mayes, demands judgment in Plaintiff's favor and against Defendants, Fedex Ground Package System Inc. d/b/a Fedex Ground, plus interest and costs and such other and further relief as this Court deems meet and just.

**COUNT II- RESPONDEAT SUPERIOR**
**Lakevia Mayes v. Fedex Ground Package System Inc. d/b/a Fedex Ground**

18. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth at length herein.

19. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiffs consist of, but is not limited to:

   a. Striking the front end of Plaintiffs' vehicle while reversing;

   b. Operating his/her vehicle into Plaintiffs' lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating said vehicle in a negligent and/or careless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiffs or others;

   e. Failing to have said vehicle under proper and adequate control;

   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Failure to keep a proper lookout;

   h. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiffs or Plaintiffs' vehicle;

   i. Being inattentive to his/her duties as an operator of a motor vehicle;

   j. Disregarding traffic lanes, patterns, and other devices;

   k. Driving at a high rate of speed which was high and dangerous for conditions;

   l. Failing to remain continually alert while operating said vehicle;

   m. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

   n. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

   o. Failing to exercise ordinary care to avoid a collision;

   p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

   q. Operating said vehicle with disregard for the rights of Plaintiffs, even though Defendant was aware or should have been aware of the presence of Plaintiffs and the threat of harm posed to Plaintiffs;

   r. Continuing to operate the vehicle in a direction towards the Plaintiffs' vehicle when Defendant saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

   s. Driving too fast for conditions;

   t. Violating the Massachusetts Vehicle Code;

   u. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of Massachusetts, pertaining to the operation and control of motor vehicles.

20. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiffs suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries, including numbness in fingers, injuries in both shoulders and neck, all to Plaintiffs' great loss and detriment.

21. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiffs have in the past, are presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

22. As an additional result of the carelessness and/or negligence of Defendant, Plaintiffs have suffered emotional injuries, along with the physical injuries suffered.

23. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

24. As a further result of Plaintiffs' injuries, they have in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiffs' further loss and detriment.

25. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiffs suffered damage to Plaintiffs' personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiffs' great loss and detriment.

WHEREFORE, Plaintiff, Lakevia Mayes demands judgment in Plaintiff's favor and against Defendants, Fedex Ground Package System Inc. d/b/a Fedex Ground, plus interest and costs and such other and further relief as this Court deems meet and just.

### COUNT III – NEGLIGENT ENTRUSTMENT
### Lakevia Mayes v. Fedex Corporation

26.     Plaintiffs incorporate the foregoing paragraphs of this Complaint as if set forth fully at length herein.

   a. The negligence and/or carelessness of Defendant, Fedex Corporation, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiffs, consists of, but is not limited to, the following:

   b. Permitting the driver to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

   c. Permitting the driver to operate the motor vehicle when Defendant, Fedex Corporation, knew, or in the exercise of due care and diligence, should have known that the driver was capable of committing the acts of negligence set forth above;

   d. Failing to warn those persons, including the Plaintiffs, that Defendant, Fedex Corporation, knew, or in the existence of due care and diligence should have known, that the Plaintiffs would be exposed to the driver's negligent operation of the motor vehicle.

27.     As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiffs suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries, including numbness in fingers, injuries in both shoulders and neck, all to Plaintiffs' great loss and detriment.

28.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiffs have in the past, are presently and may in

the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

29. As an additional result of the carelessness and/or negligence of Defendant, Plaintiffs have suffered emotional injuries, along with the physical injuries suffered.

30. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiffs suffered damage to Plaintiffs' personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiffs' great loss and detriment.

31. As a further result of Plaintiffs' injuries, Plaintiffs have in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiffs' further loss and detriment.

WHEREFORE, Plaintiff, Lakevia Mayes, demands judgment in Plaintiff's favor and against Defendants, Fedex Corporation, plus interest and costs and such other and further relief as this Court deems meet and just.

**COUNT IV- RESPONDEAT SUPERIOR**
**Lakevia Mayes v. Fedex Corporation**

32. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth at length herein.

33. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiffs consist of, but is not limited to:

    a. Striking the front end of Plaintiffs' vehicle while reversing;

    b. Operating his/her vehicle into Plaintiffs' lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle in a negligent and/or careless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiffs or others;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Failure to keep a proper lookout;

h. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiffs or Plaintiffs' vehicle;

i. Being inattentive to his/her duties as an operator of a motor vehicle;

j. Disregarding traffic lanes, patterns, and other devices;

k. Driving at a high rate of speed which was high and dangerous for conditions;

l. Failing to remain continually alert while operating said vehicle;

m. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

o. Failing to exercise ordinary care to avoid a collision;

p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q. Operating said vehicle with disregard for the rights of Plaintiffs, even though Defendant was aware or should have been aware of the presence of Plaintiffs and the threat of harm posed to Plaintiffs;

    r.   Continuing to operate the vehicle in a direction towards the Plaintiffs' vehicle when Defendant saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    s.   Driving too fast for conditions;

    t.   Violating the Massachusetts Vehicle Code;

    u.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of Massachusetts, pertaining to the operation and control of motor vehicles.

34.    As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiffs suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries, including numbness in fingers, injuries in both shoulders and neck, all to Plaintiffs' great loss and detriment.

35.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiffs have in the past, are presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

36.    As an additional result of the carelessness and/or negligence of Defendant, Plaintiffs have suffered emotional injuries, along with the physical injuries suffered.

37.    As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

38. As a further result of Plaintiffs' injuries, they have in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiffs' further loss and detriment.

39. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiffs suffered damage to Plaintiffs' personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiffs' great loss and detriment.

WHEREFORE, Plaintiff, Lakevia Mayes demands judgment in Plaintiff's favor and against Defendants, Fedex Corporation, plus interest and costs and such other and further relief as this Court deems meet and just.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.**

Dated:

PLAINTIFFS
By their attorneys,

SIMON & SIMON, P.C.

BY: *Carleigh Baldwin*
Carleigh Baldwin, Esquire
BBO# 692284

Carleigh Baldwin, Esquire
SIMON & SIMON, P.C.
Attorneys for Plaintiff
114 State Street, 4th Floor
Boston, MA 02109
857-233-0559
carleighbaldwin@gosimon.com

carleighbaldwin@gosimon.com